State of Wisconsin, Plaintiff-Respondent,
v.
Jerry D. Gragg, Defendant-Appellant.
No. 04-2274-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 1, 2005.
¶1 KESSLER, J.[1]
After the denial of a motion to suppress, Jerry D. Gragg entered a guilty plea to operating a motor vehicle while intoxicated, second offense, in violation of WIS. STAT . § 346.63(1)(a). This appeal followed. Although Gragg does not appear to challenge the conclusion that the officer had probable cause to make the traffic stop, Gragg asserts that what the officer learned in the follow-up questioningwhich implicated him in operating the vehicle while intoxicateddid not provide sufficient probable cause to arrest him. The trial court disagreed. For the reasons set forth below, this court affirms.
¶2 The following statement of facts is based on testimony from the motion hearing before the circuit court. On the evening of June 15, 2003, Officer Amy Katzung was parked in her squad car at the southeast corner of North 46th Street and West Dean Road. She observed a grey SUV coming northbound on 46th Street and saw the vehicle turn left onto West Dean Road. She heard what she described as the sound of hard acceleration, which she thought was in excess of the posted speed limit. She obtained a laser speed measurement and found the vehicle in question was traveling forty-five miles per hour in a twenty-five mileper-hour zone. She followed the vehicle, activated her emergency lights and stopped the SUV.
¶3 Officer Katzung made contact with the driver, who was later identified as Gragg. She told him that she was stopping him for speeding. She smelled alcohol coming from the vehicle, although she could not tell whether it was from Gragg, his passenger, or elsewhere in the vehicle. She asked Gragg if he had been drinking, to which the passenger replied that Gragg had "had two shots." Later in the conversation Gragg told Katzung that it was his birthday, and confirmed that he had had two shots.
¶4 Katzung asked Gragg to perform various activities and recite various information to help her determine his state of sobriety. The results of those tests were mixed; some were performed correctly while others suggested to Katzung that Gragg was intoxicated. Katzung asked Gragg to submit to a preliminary breath test, which he did. The result showed an alcohol level of 0.18. Katzung placed Gragg under arrest for operating a motor vehicle while intoxicated.
¶5 The result of an Intoximeter test administered after Gragg's arrest was also 0.18. Gragg was issued a citation for driving while intoxicated and another for operating a motor vehicle with a prohibited alcohol concentration.[2]
¶6 The officer's authority to investigate the situation in the context of a traffic stop is codified in WIS. STAT . § 968.24, which provides:
Temporary questioning without arrest. After having identified himself or herself as a law enforcement officer, a law enforcement officer may stop a person in a public place for a reasonable period of time when the officer reasonably suspects that such person is committing, is about to commit or has committed a crime, and may demand the name and address of the person and an explanation of the person's conduct. Such detention and temporary questioning shall be conducted in the vicinity where the person was stopped.
¶7 Katzung followed the provisions of the statute. She had probable cause to make the traffic stop, having heard "hard acceleration" and obtained a laser reading indicating that the SUV was traveling twenty miles per hour over the speed limit. Having stopped the SUV, she confronted the driver. At the same time, she smelled alcohol and asked Gragg whether he had been drinking. None of this was a violation of Gragg's Fourth Amendment constitutional protections.
¶8 The Wisconsin Supreme Court has noted that the "unmistakable odor of marijuana coming from an automobile provides probable cause for an officer to believe that the automobile contains evidence of a crime," thus justifying a search. State v. Secrist, 224 Wis. 2d 201, 210, 589 N.W.2d 387 (1999). Similarly, alcohol may produce an odor easily recognized by an officer, as Katzung here testified it did. That observation provided Katzung with probable cause to investigate whether the crime of transporting open alcoholic beverages, or operating the vehicle while intoxicated, had been or was about to be committed. As the supreme court has previously noted: "[I]f during a valid traffic stop, an officer becomes aware of suspicious factors or additional information that would give rise to an objective, articulable suspicion that criminal activity is afoot, that officer need not terminate the encounter simply because further investigation is beyond the scope of the initial stop." State v. Malone, 2004 WI 108, ¶24, 274 Wis. 2d 540, 683 N.W.2d 1. Here, Katzung had a reasonable suspicion that criminal activity was afoot because of the odor of alcohol, the passenger's statement about Gragg's consumption of alcohol, and the time of day when the stop occurred. It was reasonable for her to pursue the investigation of the potential alcohol-related offenses.
¶9 The original purpose of the stop was to investigate the traffic violation. The purpose of the stop was transformed as Katzung became aware of additional information that justified expanding her investigation to pursue her reasonable suspicion that the occupants of the vehicle might be committing or about to commit a crime involving alcohol. See id. Katzung began to investigate whether Gragg had been operating, or was about to operate, the vehicle while intoxicated. She asked him to perform various field tests that she had been trained to administer. During these tests, Gragg confirmed the passenger's volunteered statement about Gragg's alcohol consumption. Katzung developed further evidence of Gragg's intoxication during the field sobriety tests and the breath tests. Based on the information revealed during this investigation, this court agrees with the trial court that there was probable cause to arrest Gragg. That probable cause was obtained in a manner completely consistent with what the Wisconsin Supreme Court has said is permitted in a routine traffic stop situation. See State v. Swanson, 164 Wis. 2d 437, 475 N.W.2d 148 (1991).
By the Court.  Judgment affirmed.
NOTES
[1] This case is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The charge of operating a motor vehicle with a prohibited alcohol concentration was later dismissed on the State's motion.